Dear Ms. Richard:
This office is in receipt of your request for an opinion of the Attorney General relative to employees of the Registrar of Voters and the Deferred Retirement Option Plan (DROP). You ask the following questions:
 1. What is the status of an employee upon entering DROP in direct reference to the eligibility of these members for benefits as active contributing members;
 2. What classification of employee are considered for deposits into the Member Supplemental Savings Fund: (Active, Retired, DROP, Deferred Retirement, Leave Without Pay); and
 3. Are DROP participants eligible to share in the allocation of the Member Supplemental Savings Fund upon entry in the DROP?
It is provided in R.S. 11:2144 that in lieu of terminating employment and accepting a service retirement allowance a member with the specified age and service may elect to participate in the Deferred Retirement Option Plan and defer the receipt of benefits. The statute specifically states that upon commencement of participation in the plan "active membership in the system shall terminate", and while employer contributions continue, employee contributions shall cease. The monthly retirement benefits that would have been payable if the person had elected to cease employment and receive retirement allowance, shall be paid into DROP.
From this statute it is clear, in answering your first question, that upon entering DROP the employee's active membership in the retirement system is terminated, and employee contributions cease.
Members' Supplemental Saving Fund is set forth in R.S. 11:2139
and is described as a fund in which is deposited accumulated contributions from the dedicated taxes and revenue sharing in excess of those required contributions to the Pension Accumulation Fund as established by the Public Retirement Systems' Actuarial Committee, not to exceed three percent of the salaries paid during the preceding fiscal year. By Act 929 of 1993 the statute was amended to provide the funds are allocated at the end of the fiscal year to the members' individual accounts in proportion to the salaries reported during the fiscal year for "active contributing" members who are still employed by the employer at the end of the fiscal year. Prior to the amendment the statute simply read the allocation would be in proportion to salaries for "members" still employed which was clarified by the amendment.
Therefore, it is clear only active contributing members in the retirement system are considered for allocation of deposits at the end of the fiscal year, and those are excluded that are not contributing members for whatever reason.
Upon commencement as a member of DROP that individual is no longer an active contributing members of the retirement system, and is not eligible to share in the allocation of the Members' Supplemental Savings Fund except for that portion of the year, if any, that he was a member of the retirement system.
We note that the Members' Supplemental Savings Fund was created by Act 433 of 1990, and DROP by Act 13 of 1990. In accordance with the mandate of R.S. 11:2093 that the Board "shall, from time to time, establish rules and regulations for the administration of the funds", on June 25, 1992 the Board of Trustees, adopted the following resolution in regard to this matter:
 Payments made to the Members' Supplemental Savings Fund for fiscal year 1991 shall be made in accordance with Act 433 of the 1990 regular session which stated that payments were "not to exceed 3% of payroll of the active members of the system." Any participant who enters D.R.O.P. on or before January 1, 1991 shall not be considered "active members" on the effective date of the act and hence not be entitled to deposits in the supplemental savings fund. Members who went into D.R.O.P. after January 1, 1991 shall be entitled to deposits in the supplemental savings funds based on their salaries as "active members".
We understand this resolution was an attempt to clarify the meaning of "member", and participants in DROP prior to establishment of the Members' Supplemental Savings Fund were not active members of the retirement system upon creation of the Fund, and, therefore, not eligible for allocations from the Supplemental Savings Fund. Those who were active members of the retirement system for a portion of 1991 and then entered DROP would receive a proportionate allocation for that time.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR